**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NAUTILUS INSURANCE COMPANY,**

    *Plaintiff,*

v.                                  **Case No.: 4:24cv151-MW/MJF**

**KLUB VIBEZ, LLC, et al.,**

    *Defendants.*

_____/

**ORDER GRANTING MOTION FOR DETERMINATION OF
ENTITLEMENT TO AN AWARD OF DAMAGES**

Pending before this Court is Plaintiff's motion to determine entitlement to damages. ECF No. 46. Plaintiff originally filed an action for declaratory relief and monetary damages, arising out of defenses it provided its insured, Defendant Klub Vibez, LLC, ("Klub Vibez") in state court pursuant to a complete reservation of rights. Defendants defaulted in the action before this Court, *see* ECF Nos. 22, 29, 32, 37, and 38, and this Court granted in part and denied in part Plaintiff's motions for entry of default judgment, ECF No. 41. This Court determined that Plaintiff was entitled to declaratory relief with respect to its duty to defend or indemnify under the insurance policies at issue, but Plaintiff had failed to demonstrate that it was entitled to the monetary damages it sought in its complaint. *Id*. Now, Plaintiff has filed a motion to determine entitlement to fees and costs for providing a defense to Klub

Vibez in state court pursuant to a complete reservation of rights. ECF No. 46. For the reasons set out below, Plaintiff's motion is due to be granted.

As Plaintiff explains at length in its motion to determine entitlement to reimbursement of fees and costs in the underlying state court litigation, Florida law generally recognizes that an insurer may be entitled to reimbursement of fees and costs for providing its insured a defense under a complete reservation of rights. *See id*. at 3–5 (listing cases). Plaintiff has cited no policy language giving rise to a contractual right to reimbursement of fees and costs, but instead, for the first time, points to a reservation-of-rights letter mailed to Defendant Klub Vibez as the basis for its claim for damages. *See* ECF No. 46-1. Consistent with this letter, Plaintiff also points to its undisputed factual allegation that "Nautilus has been providing Klub Vibez with a defense in the lawsuits under a complete reservation of rights, which Klub Vibez accepted." *See* ECF No. 1 ¶ 27.

This Court recognizes that, in Klub Vibez's view, the facts may be more complicated than what Plaintiff has presented to this Court. But this is a default case and Klub Vibez has failed to appear or respond to the allegations in the complaint. There is no indication in this record that Klub Vibez attempted to reject Plaintiff's defense in state court or challenged the reservation of rights in any way. Under these unique circumstances, Plaintiff has demonstrated, without dispute, that (1) it effectively reserved its right to seek reimbursement when it offered to defend Klub

2

Vibez and (2) Klub Vibez accepted its defense. Accordingly, given this limited record, and consistent with this Court's treatment of similar requests in other cases, this Court concludes that Plaintiff is entitled to recover the costs incurred in defending Klub Vibez in the underlying lawsuits pursuant to its reservation of rights. *See, e.g.*, *James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1260–62 (N.D. Fla. 2016) (Walker, J.). Accordingly, Plaintiff's motion to determine entitlement to fees and costs, ECF No. 46, is **GRANTED**.

**On or before December 3, 2024,** Plaintiff shall file supplemental briefing with respect to the amount of monetary damages Plaintiff seeks in the form of fees and costs incurred in defending Klub Vibez in the underlying lawsuits and any evidence in support thereof.

**SO ORDERED on November 19, 2024.**

**s/Mark E. Walker**
**Chief United States District Judge**

3